CP:CC
F.#2002R02710

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ABRAHAM KAHAN,

                    Defendant.

- - - - - - - - - - - - - - - -X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

MAR 24 2005

★ BROOKLYN OFFICE ★

I N D I C T M E N T

CR 05 0240

(T. 42, U.S.C., § 1320a-7b(b)(2)(B); T. 18, U.S.C., §§ 371, 1347, 2 and 3551 et seq.)

GERSHON, J
POHORELSKY, M.J.

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment:

### The Insurance Programs

1. Medicare was a United States government health care program that provided basic insurance coverage of medical services to individuals aged 65 and over and to certain disabled persons ("Medicare Beneficiaries"). The Health Care Financing Administration ("HCFA"), an agency of the United States Department of Health and Human Services ("HHS"), administered the Medicare program.

2. Oxford Health Plans, Inc. ("Oxford") was a health care benefit program that offered members of the public medical insurance contracts under which medical benefits, items and services were provided to individuals. Pursuant to contracts,

2

Oxford compensated medical service and equipment providers for treatments and equipment provided to insured patients.

3. One of the plans offered by Oxford was the Medicare+Choice plan, which was available to Medicare recipients. Oxford received a monthly premium from the federal government for each Medicare beneficiary in the Medicare+Choice plan and used the premiums to develop a healthcare benefit package for Medicare recipients.

Healthstar and the Defendant ABRAHAM KAHAN

4. Healthstar Industries of New York, Ltd. ("Healthstar") was a durable medical equipment ("DME") supply company, located in Brooklyn, New York. DME was intended to assist a person with an illness or an injury and was intended for repeated use. Wheelchairs, hospital beds, air mattresses and motorized scooters were examples of DME.

5. The defendant ABRAHAM KAHAN owned and operated Healthstar.

The Agreement Between Oxford and Healthstar

6. On or about July 9, 1998, the defendant ABRAHAM KAHAN entered into an agreement, entitled the "Ancillary Provider Agreement," with Oxford whereby Healthstar agreed to provide services and DME to members of Oxford's healthcare plans, including Oxford's Medicare+Choice plan. This agreement remained in effect until July 9, 2003.

3

7. Pursuant to the contract between Healthstar and Oxford, Oxford agreed to reimburse Healthstar for DME at a rate of sixty-five percent (65%) of Medicare rates or sixty-five percent (65%) of the charges billed by Healthstar, whichever was less. If a Medicare rate did not exist for the DME item, then, under the contract, Oxford would reimburse Healthstar for sixty percent (60%) of the charges billed by Healthstar.

## THE SCHEME TO DEFRAUD

8. It was a part of the scheme and artifice that in or about and between Fall 1998 and January 2002, the defendant ABRAHAM KAHAN offered and made payments to two Oxford employees, whose identities are known to the Grand Jury. In exchange, the two Oxford employees directed DME business to Healthstar and obtained authorization to order DME from Healthstar at inflated prices.

9. It was a further part of the scheme and artifice that the defendant ABRAHAM KAHAN billed Oxford hundreds of thousands of dollars for DME that had been authorized by the two Oxford employees in exchange for the payments. The two Oxford employees caused Oxford to reimburse Healthstar at the rate of one hundred percent (100%) of the charges billed, rather than the reimbursement rates provided under the Ancillary Provider Agreement.

4

## COUNT ONE
(Conspiracy to Commit Health Care Fraud)

10. The allegations contained in paragraphs 1 through 9 are realleged and incorporated as if fully set forth in this paragraph.

11. In or about and between Fall 1998 and July 2002, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ABRAHAM KAHAN, together with others, did knowingly and willfully conspire to execute a scheme and artifice to defraud health care benefit programs, to wit: Oxford and Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by and under the custody and control of Oxford and Medicare in connection with the delivery of and payment for health care benefits, items and services, in violation of Section 1347 of Title 18 of the United States Code.

12. In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendant ABRAHAM KAHAN, together with others, committed and caused to be committed, among others, the following:

### OVERT ACTS

a. In or about Fall 1998, the defendant ABRAHAM KAHAN offered money to an employee of Oxford ("Oxford Employee 1"), an individual whose identity is known to the Grand Jury.

5

b.  In or about and between Fall 1998 and March 1999, the defendant ABRAHAM KAHAN gave money to Oxford Employee 1 on a monthly basis.

c.  In or about March 1999, the defendant ABRAHAM KAHAN hired Oxford Employee 1 to work at Healthstar, in Brooklyn, New York, as a sales representative.

d.  In or about March 1999, the defendant ABRAHAM KAHAN directed Oxford Employee 1 to offer money to another employee of Oxford ("Oxford Employee 2"), an individual whose identity is known to the Grand Jury.

e.  In or about and between January 2000 and January 2002, the defendant ABRAHAM KAHAN gave money to Oxford Employee 2.

f.  On or about August 13, 2001, the defendant ABRAHAM KAHAN caused Healthstar to submit a claim to Oxford for $18,500 for a custom motorized wheelchair.

g.  On or about January 14, 2002, the defendant ABRAHAM KAHAN caused Healthstar to submit a claim to Oxford for $10,800 for a custom wheelchair, $14,900 for an air mattress and $13,850 for a hospital bed.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNT TWO
(Conspiracy to Offer and Pay Kickbacks)

13. The allegations contained in paragraphs 1 through 9 are realleged and incorporated as if fully set forth in this paragraph.

14. In or about and between Fall 1998 and July 2002, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ABRAHAM KAHAN, together with others, did knowingly and willfully conspire (a) to defraud the United States and an agency of the United States, to wit: HHS, and (b) to offer and pay remunerations, to wit: kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, to other persons, to wit: employees of Oxford, to induce such persons to purchase, lease and order, and arrange for and recommend the purchasing, leasing and ordering of, goods and items, to wit: DME, for which payments were made in whole and in part under a Federal health care program, to wit: the Medicare program, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(B).

15. In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendant ABRAHAM KAHAN, together with others, committed and caused to be committed, among others, the following:

7

## OVERT ACTS

a. In or about Fall 1998, the defendant ABRAHAM KAHAN offered money to Oxford Employee 1.

b. In or about and between Fall 1998 and March 1999, the defendant ABRAHAM KAHAN gave money to Oxford Employee 1 on a monthly basis.

c. In or about March 1999, the defendant ABRAHAM KAHAN hired Oxford Employee 1 to work at Healthstar, in Brooklyn, New York, as a sales representative.

d. In or about March 1999, the defendant ABRAHAM KAHAN directed Oxford Employee 1 to offer money to Oxford Employee 2.

e. In or about and between January 2000 and January 2002, the defendant ABRAHAM KAHAN gave money to Oxford Employee 2.

f. On or about July 3, 2001, the defendant ABRAHAM KAHAN caused Healthstar to submit a claim to Oxford for $6,300 for a motorized wheelchair for a patient participating in Oxford's Medicare+Choice plan.

g. On or about February 28, 2002, the defendant ABRAHAM KAHAN caused Healthstar to submit a claim to Oxford for $7,760 for a motorized wheelchair for a patient participating in Oxford's Medicare+Choice plan.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT THREE
(Health Care Fraud)

16. The allegations contained in paragraphs 1 through 9 are realleged and incorporated as if fully set forth in this paragraph.

17. In or about and between March 2000 and July 2002, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ABRAHAM KAHAN, together with others, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud health care benefit programs, to wit: Oxford and Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by and under the custody and control of Oxford and Medicare in connection with the delivery of and payment for health care benefits, items and services.

(Title 18, United States Code, Sections 1347, 2 and 3551 et seq.)

## COUNT FOUR
(Offering and Paying Kickbacks)

18. The allegations contained in paragraphs 1 through 9 are realleged and incorporated as if fully set forth in this paragraph.

9

19. In or about and between March 2000 and July 2002, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ABRAHAM KAHAN, together with others, did knowingly and willfully offer and pay remunerations, to wit: kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, to other persons, to wit: employees of Oxford, to induce such persons to purchase, lease and order, and arrange for and recommend the purchasing, leasing and ordering of, goods and items, to wit: DME, for which payments were made in whole and in part under a Federal health care program, to wit: the Medicare program.

(Title 42, United States Code, Section 1320a-7b(b)(2)(B); Title 18, United States Code, Sections 2 and 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

_____
ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

ictbk.wpf
JNY.4/99)

No. 2002R02710

# UNITED STATES DISTRICT COURT

EASTERN   *District of*   NEW YORK

Criminal   *Division*

# THE UNITED STATES OF AMERICA

vs.

ABRAHAM KAHAN,

Defendant.

# INDICTMENT

(T. 42, U.S.C, Section 1320a-7b(b)(2)(B); T. 18, U.S.C., Sections 371, 1347, 2 **and** 3551 et seq.)

*a true bill.*

Paulue Walt

*Foreman*

*Filed in open court this* _____ *day,*

*of* _____ *A.D.* _____

_____
*Clerk*

*Bail, $* _____

Carrie N. Capwell, AUSA   (718) 254-6426